Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about May 10, 2012, which denied plaintiffs motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Elaintiff seeks damages for injuries she allegedly sustained in a collision between a minivan she was driving and a car owned and operated by defendant. Notwithstanding that defendant’s approach into the intersection was regulated by a stop sign and no traffic control devices regulated plaintiffs approach, issues of fact preclude summary judgment, including which vehicle entered the intersection first, which driver had the right-of-way, and whether the driver with the right-of-way exercised reasonable care to avoid the accident (see Barnes v United Parcel Serv., 104 AD3d 562 [1st Dept 2013]).
We note that plaintiff moved for summary judgment at the beginning of the discovery process, and did not even possess a statement by defendant or any other evidence independent of her own assertions about the accident. Moreover, the police accident report upon which plaintiff partially relied was inadmissible because it was not certified (see Coleman v Maclas, 61 AD3d 569 [1st Dept 2009]), and the conclusions therein were based solely upon plaintiffs hearsay statements to the responding officer, who did not witness the accident (see Fay v Vargas, 67 AD3d 568 [1st Dept 2009]). Concur—Gonzalez, EJ., Friedman, Moskowitz and Feinman, JJ.